OPINION
On March 10, 1987, appellant Floyd Early entered a plea of guilty to two counts of Rape, in violation of R.C. 2907.02(A)(3).
On August 7, 1997, appellant filed a motion to withdraw his guilty plea. He also requested that counsel be appointed. On September 4, 1997, the court appointed the Public Defender to represent appellant. On September 10, 1997, the court overruled the motion to withdraw the plea.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR:
 THE COURT BELOW ERRED IN THE DENIAL OF APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA, BY RULING UPON THE MOTION WITHOUT THE PROVISION OF COUNSEL, WITHOUT ADEQUATE PROVISION TO APPELLANT TO CONSTRUCT THE RECORD AND WITHOUT A HEARING.
Appellant first argues that the court erred in overruling the motion without providing him with counsel and a transcript. The record reflects that the court appointed the Public Defender to represent appellant. The trial court did not err in overruling the motion despite counsel's inaction. There is nothing in the record to indicate that at the time the court ruled on the merits of the motion, appellant was having difficulty with his appointed counsel.
Appellant also argues that there is no transcript of the plea hearing, and the court did not allow him to properly construct a record. However, the record does not reflect that appellant requested that a transcript be prepared before the hearing on the motion to withdraw the plea. Appellant did file a praecipe for a transcript to be provided to this court on appeal. However, the transcript was not filed. Appellant moved for additional time to supplement the record with such transcript, which was granted by this court. The transcript was never filed. Therefore, appellant was given adequate opportunity to construct a record.
Crim.R. 32.1 provides that a motion to withdraw a plea of guilty or not contest may be made only before sentence is imposed, but to correct manifest injustice, the court may set aside the judgment of conviction after sentence, and permit the defendant to withdraw his plea. A defendant who seeks to withdraw a plea of guilty after imposition of sentence has the burden of establishing the existence of manifest injustice. State vs. Smith (1977),49 Ohio St.2d 261. A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court, and our review of a trial court's denial of a post-sentence motion to withdraw is limited to a determination of whether the court abused its discretion. State vs. Blatnik (1984), 17 Ohio App.3d 201.
Appellant did not demonstrate a manifest injustice. He claims that he was not competent to knowingly, intelligently, and voluntarily enter a plea of guilty. However, the record demonstrates that following a competency examination, appellant was found competent to stand trial. The court did not abuse its discretion in overruling the motion to withdraw his plea of guilty, filed ten years after sentence was imposed.
The Assignment of Error is overruled.
The judgment of the Knox County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Common Pleas Court is affirmed. Costs to appellant.